**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL GOLDEN and | § | |
| CATHLEEN GOLDEN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-817 |
| | § | |
| AUSTIN COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs, Michael and Cathleen Golden, sued the Austin County Sheriff's Office, Austin County Sheriff R. Dewayne Burger, Austin County Judge Carolyn Bilski, and unidentified police officers in Texas state court on January 30, 2009. The plaintiffs brought claims under Chapter 101 of the Texas Civil Practice & Remedies Code ("Texas Tort Claims Act") and 42 U.S.C. § 1983 for injuries allegedly sustained by Michael Golden during a traffic stop and arrest in Austin County, Texas and his subsequent detention at the Austin County Jail. Golden alleged that the defendants are liable for "aggravated assault," "severe, physical, emotional, and permanent injuries," "hate crimes," and for depriving Golden of his "right to due process and equal protection under the law." (Docket Entry No. 1, Ex. 3, Plaintiffs' Original Petition, at 3). The plaintiffs are residents of Auburn, Alabama. The

defendant, Austin County, Texas, removed to this court on March 19, 2009, asserting both diversity and federal-question jurisdiction as the basis for removal.

The following motions are pending:

- Austin County moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted and under Rule 12(b)(5) for insufficient service of process. (Docket Entry No. 2). The plaintiffs responded, (Docket Entry No. 8), Austin County replied, (Docket Entry No. 9), the plaintiffs filed a surreply, (Docket Entry No. 13), and the plaintiffs filed a third response, (Docket Entry No. 22).

- The plaintiffs moved for leave to file an amended complaint, (Docket Entry No. 10), and Austin County responded, (Docket Entry No. 11).

- The plaintiffs moved for an extension of time to effectuate service and file an amended complaint, (Docket Entry No. 14), and for expedited discovery, (Docket Entry No. 15). The plaintiffs filed a supplemental motion for extension of time to effectuate service.[1] (Docket Entry No. 19). The defendants responded, (Docket Entry No. 24), and filed a supplemental reply, (Docket Entry No. 31).

- The individual defendants moved to dismiss under Rule 12(b)(6), (Docket Entry No. 23), and the plaintiffs responded, (Docket Entry No. 27).

---

[1] The plaintiffs also filed a motion to substitute service. (Docket Entry No. 18). After effectuating service, the plaintiffs withdrew this motion. (Docket Entry No. 29, at 2–3).

- The plaintiffs moved to request entry of an order on moot or unopposed motions and for an oral hearing on the remaining motions, (Docket Entry No. 29).

Based on a careful review of the motions, responses, and replies, the parties' submissions, and the applicable law, this court:

- grants the plaintiffs' motion for leave to amend;
- grants in part and denies in part Austin County's motion to dismiss under Rule 12(b)(6) and denies Austin County's motion to dismiss under Rule 12(b)(5) as moot;
- grants in part and denies in part the individual defendants' motion to dismiss under Rule 12(b)(6);
- denies the plaintiffs' motion for extension of time as moot;
- denies the plaintiffs' motion for expedited discovery; and
- grants the motion for entry of order and for oral hearing.

The reasons for these rulings are explained below.

## I. The Motions to Dismiss and for Leave to Amend

### A. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court recently overruled the part of *Conley v. Gibson*, 355 U.S. 41 (1957) holding that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

3

of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007), the Court held that a complaint fails to comply with Rule 8 if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.

In *Ashcroft v. Iqbal*, --- S. Ct. ---, No. 07-1015, 2009 WL 1361536 (May 18, 2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at *12 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In accordance with the pleading principles described in *Twombly* and *Iqbal*, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do' . . . ." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965); *see also Iqbal*, 2009 WL 1361536, at *12 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 2009 WL 1361536, at *12 (quoting *Twombly*, 550 U.S. at 557). "'Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

4

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.'" *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (unpublished) (per curiam) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965 n.3).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65); *see also In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, *S. Scrap Material Co. v. United States*, 129 S. Ct. 1669 (2009). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1966).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v.*

*Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'") (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999)).

    **B.**    **Analysis**

        **1.**    **The Motion to Dismiss for Failure to Name Austin County, Texas and the Plaintiffs' Motion for Leave to Amend**

Austin County Sheriff's Office moved to dismiss on the ground that it is incapable of suing or being sued.  An administrative department of a governmental entity, like the Austin County Sheriff's Office, is not an entity capable of being sued.  *See Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991).  Golden seeks leave to amend to change the name of the real party in interest to Austin County, Texas.  (Docket Entry No. 13).  Under Rule 15(a), after a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a).  Rule 15(a) instructs that

"[t]he court should freely give leave when justice so requires," a standard that "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend is "not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A court should consider the following factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). In the absence of any of these factors, leave should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The record provides no basis to find undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment. Golden's motion for leave to amend the complaint is granted. Austin County Sheriff's Office's motion to dismiss on the ground that it is not an entity capable of being sued is denied as moot.

### 2. The Motion to Dismiss for Insufficient Service of Process

Defendants moved to dismiss claims against the individual officers for insufficient service of process under rule 12(b)(5). The defendants have admitted to receiving proper service. (Docket Entry 23, at ¶3). This motion is denied as moot.

### 3.     The Motion to Dismiss the Individual Defendants

Austin County moved to dismiss all claims against Carolyn Bilski. The plaintiffs are not opposed. (Docket Entry No. 29, at ¶2). The claims against Bilski are dismissed.

The remaining individual defendants, Burger, Culp, Herreth, and Moseley, moved to dismiss the claims against them under Rule 12(b)(6) and Section 101.106 of the Texas Civil Practice and Remedies Code. They argue that the election of remedies under Section 101.106 bars the plaintiffs suing the individual defendants and the government employer at the same time. The plaintiffs argue that this bar does not apply to their claims under 42 U.S.C. § 1983.

Section 101.106(e) states: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Texas Civ. Prac. & Rem. Code §101.106(e). The statute "was to force a plaintiff to decide at the outset whether an employee acted independently . . . thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). In *Garcia*, the Texas Supreme Court addressed whether all torts, including intentional torts, are subject to the Texas Tort Claims Act's election-of-remedies provision. *See Meadours v. Ermel*, 483 F.3d 417, 424 (5th Cir.2007) (stating that Texas Supreme Court precedent left it "uncertain" as to whether the Texas Tort Claims Act applied to intentional

torts). In *Garcia*, former school employees sued a school district and its superintendent. The plaintiffs asserted: (1) discriminatory wrongful discharge in violation of the Texas Commission on Human Rights Act ("TCHRA"), against the school district; (2) intentional infliction of emotional distress against the school district and the superintendent; and (3) defamation, fraud, and negligent misrepresentation, against the superintendent. The defendants argued that recovery was barred under the Texas Tort Claims Act. The plaintiffs responded that because the Act did not waive immunity for intentional torts, claims for intentional torts did not arise "under this chapter" and the election-of-remedies bar did not apply. The court in *Garcia* clarified that "all tort theories alleged against a government unit" fall under the Texas Tort Claims Act. *Id.* at 659; *see also Pearlman v. City of Fort Worth*, No. 4:08-CV-393-A, 2008 WL 4787650, at *3-4 (N.D. Tex. Oct. 30, 2008) (holding that the Texas Tort Claims Act covers intentional torts brought against state government entities). The court stated: "[W]e have never interpreted "under this chapter" to only encompass tort claims for which the Tort Claims Act waives immunity . . . . Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Id.* at 654. The court held that "the Act's election scheme governs all suits against a governmental unit, and that its application here bars all *common-law* recovery against the superintendent and the school district." *Id.* (emphasis added).

In the present case, the plaintiffs brought state-law tort claims against Austin County. These claims, whether for intentional torts or for negligence, were brought "under" the Texas Tort Claims Act. Accordingly, the election-of-remedies provision bars the plaintiffs' common-law tort claims against the individual defendants. *See Pearlman*, 2008 WL 4787650, at *3-4. These claims are dismissed.

The plaintiffs' Section 1983 claims against the individual defendants are not affected by the election-of-remedies bar in the Texas Tort Claims Act. The *Garcia* court held that although all common-law tort claims are claims filed "under" the Act, the plaintiffs' statutory remedy under the TCHRA was not a suit filed "under" the Texas Tort Claims Act. The Act provides that the remedies it authorizes "are in addition to any other legal remedies." Tex. Civ. Prac. & Rem. Code § 101.003. The TCHRA provided the plaintiffs with a statutory remedy for unlawful discrimination. In the present case, Section 1983 provides the plaintiffs with a statutory remedy for violations of constitutional rights by state officials. The plaintiffs' claims under Section 1983 against the individual defendants are not barred by the election-of-remedies provision in the Texas Tort Claims Act. *See Baker v. Sheriff Jim Bowles*, Civ. A. No. 3:05-cv-1118-L, 2005 U.S. Dist. Lexis 32942, at **27, 32 (N.D. Tex. Dec. 14, 2005) (election-of-remedies bar under Section 101.106 does not apply to Section 1983 claim because it is not brought under the Texas Tort Claims Act); *see also Estate of Sorrels v. City of Dallas*, 45 Fed. App'x 325, 2002 WL 1899592, at *4 (5th Cir. July 10, 2002) (per curiam) (concluding that Section 101.106 of the Texas Tort Claims Act does not apply to a plaintiff's Section 1983 claim); *Rogers v. Bonnette*, 2005 WL 1593437, at *3

(W.D. Tex. July 5, 2005) (denying motion to dismiss Section 1983 claims on the basis of Section 101.106 of the Texas Tort Claims Act). The defendants cite *Alcala v. Texas Webb County*, 2009 WL 15242397, at *5–6 (S.D. Tex. June 3, 2009), for the proposition that the election-of-remedies provision in Section 101.106 bars all claims against the individual government employees when the plaintiff sues the governmental unit. That case did not involve Section 1983 claims or any other federal statutory cause of action. In *Alcala*, the plaintiff asserted common-law *Sabine Pilot* claims and claims for defamation and intentional infliction of emotional distress. The court dismissed these claims against the individual defendants, observing that "all tort theories (including intentional torts) alleged against a governmental entity . . . are assumed to be brought under the Tort Claims Act for purposes of Section 101.106. . . ." *Id.*, at *6. *Alcala* provides no support for the defendants' position. The plaintiffs' Section 1983 claims do not fall under Section 101.106 of the Texas Tort Claims Act. The motion to dismiss as to these claims is denied.

## II.     The Motion for Expedited Discovery

The plaintiffs have moved for expedited discovery as to the identity of the officers involved in Golden's arrest. That motion is denied as moot; the officers' identity has been disclosed.

## III.    Conclusion

The plaintiffs' motion for leave to amend is granted. The plaintiffs will file an amended complaint no later than **July 6, 2009**. The motion to dismiss under Rule 12(b)(6) is granted as to Defendant Bilski and as to the tort claims against the individual defendants,

but denied as to the other defendants and claims. The plaintiffs' motion for extension of time is denied as moot. The plaintiffs' motion for expedited discovery is denied.

SIGNED on June 26, 2009, at Houston, Texas.

_____
                    Lee H. Rosenthal
                United States District Judge