# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GOLDEN & <br> CATHLEEN GOLDEN, <br><br> Plaintiffs, <br><br> VS. <br><br> AUSTIN COUNTY SHERIFF'S <br> DEPARTMENT, *et al*, <br><br> Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-09-817 |

## MEMORANDUM AND ORDER

The plaintiffs, Michael and Cathleen Golden, sued the Austin County Sheriff's Office, Austin County Sheriff R. Dewayne Burger, Austin County Judge Carolyn Bilski, and unidentified police officers in Texas state court on January 30, 2009. The plaintiffs asserted claims under Chapter 101 of the Texas Civil Practice & Remedies Code ("Texas Tort Claims Act") and 42 U.S.C. § 1983 for injuries allegedly sustained by Michael Golden during a traffic stop and arrest and subsequent detention. Golden alleged that the defendants are liable for "aggravated assault," "severe, physical, emotional, and permanent injuries," "hate crimes," and for depriving Golden of his "right to due process and equal protection under the law." (Docket Entry No. 1, Ex. 3, Plaintiffs' Original Petition, at 3).

The plaintiffs are residents of Auburn, Alabama. The defendant, Austin County, Texas, removed to this court on March 19, 2009, asserting both diversity and federal-question jurisdiction as the basis for removal.

At the initial conference held on June 26, 2009, this court set a schedule for limited discovery and the filing of a dispositive motion on the threshold issues of official immunity and municipal liability. The deadline for this discovery, which included the depositions of the arresting officers, the sheriff, and the plaintiffs, was August 30, 2009. The defendants' motion for summary judgment on the immunity and municipal liability issues was to be filed by September 18, 2009.

On September 3, 2009, the defendants moved to extend the deadlines. (Docket Entry No. 43). The defendants asserted that an extension was needed to allow disclosure of the grand jury proceedings related to the criminal charges filed against Michael Golden in state court, which were subsequently dismissed, and to serve Michael Golden with interrogatories and receive his responses before filing the summary judgment motion. (*Id.* at 2). According to the defendants, Golden's interrogatory answers are necessary because it is unclear from the complaint which defendant is being sued for which constitutional violation and what conduct by each defendant supports the causes of action against them. The defendants sought to extend the discovery deadline to October 19, 2009 and the dispositive motion deadline to November 2, 2009. (*Id.* at 5).

The plaintiffs responded on September 11, 2009, opposing the extension. (Docket Entry No. 45). The plaintiffs withdrew their request for a copy of the grand jury proceedings, stating that it is "not needed in order to maintain their case against Defendants." (*Id.* at 6). Michael Golden stated that he would serve the defendants with his answers to the interrogatories by September 14, 2009. (Docket Entry No. 50). The plaintiffs argue that without these grounds for an extension, "the true basis for Defendants' request for extension of time is their own failure to timely prepare their dispositive motions within the fair and reasonable time period ordered by the Court." (Docket Entry No. 45, at 10). The plaintiffs also argue that "the extensive evidence" in this case "shows that no amount of additional discovery will provide support for dispositive motions filed at this time." (*Id.* at 11). The plaintiffs contend that they have "defeat[ed] any potential claims of qualified immunity" and that this case "should proceed to trial as soon as practicable." (*Id.*).

The defendants replied on September 14, 2009. (Docket Entry No. 46). The defendants revised their request for an extension, seeking a discovery deadline of September 14, 2009 and a dispositive motion deadline of October 2, 2009. The defendants assert that this brief extension will allow them to analyze Golden's interrogatory answers and "to seek relief from the court, if the interrogatories are not fully and completely answered." (*Id.* at 5).[1] The defendants' counsel asserts that he "has been working diligently to prepare the

---

[1] The plaintiffs filed a motion for leave to file a supplemental response to the defendants' reply, (Docket Entry No. 47), and the defendants responded, (Docket Entry No. 51). The motion for leave is denied. Counsel for the plaintiffs did not confer with counsel for the defendants before filing the motion for leave, as required by Local Rule 7.1(D). Moreover, the defendants do not seek additional discovery. The proposed supplemental response does not demonstrate how the plaintiffs will be prejudiced by a brief extension of the

motions in a timely manner, but simply has not been able to complete the task within the initial deadline set by the court." (Docket Entry No. 51, at 2).

The defendants' motion to extend the deadlines is granted. The extended discovery deadline has expired. The record shows that Golden's responses to the recent interrogatories, served on September 14, provide the clarification that the defendants sought before filing their summary judgment motion. The discovery issues affecting resolution of the immunity and municipal liability questions have been resolved. The defendants "do not seek additional time for the purpose of conducting additional discovery." (Docket Entry No. 51, at 1). There is no basis to conclude that the plaintiffs will be prejudiced by a two-week extension.

The defendants must file their summary judgment motion on the immunity and municipal liability issues by October 2, 2009. The plaintiffs' arguments as to why they have "defeat[ed] any potential claims of qualified immunity" will be addressed after the summary judgment motion and the plaintiffs' response have been filed.

SIGNED on September 16, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

deadlines.