**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL GOLDEN & | § | |
| CATHLEEN GOLDEN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-817 |
| | § | |
| AUSTIN COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs, Michael and Cathleen Golden, sued the Austin County Sheriff's Office, Austin County Sheriff R. Dewayne Burger, Austin County Judge Carolyn Bilski, and unidentified police officers in Texas state court on January 30, 2009. The plaintiffs asserted claims under Chapter 101 of the Texas Civil Practice & Remedies Code ("Texas Tort Claims Act") and 42 U.S.C. § 1983 for injuries Michael Golden allegedly sustained during a traffic stop and arrest and subsequent detention. Golden alleged that the defendants are liable for "aggravated assault," "severe, physical, emotional, and permanent injuries," "hate crimes," and depriving Golden of his "right to due process and equal protection under the law." (Docket Entry No. 1, Ex. 3, Plaintiffs' Original Petition, at 3). Austin County removed the case to this court in March 2009. (Docket Entry No. 1).

On October 19, 2009, the defendants filed a fifty-eight page "Motion to Dismiss and/or for Summary Judgment." (Docket Entry No. 59). On the same day, the defendants filed a motion for leave to file a brief in excess of this court's twenty-five page limit. (Docket Entry No. 58). On November 2, 2009, the plaintiffs responded in opposition to the defendants' motion for leave to file an extended brief. The response included a motion to strike the summary judgment motion and a request for an expedited ruling on the motion to strike. (Docket Entry No. 60). The plaintiffs argue that the defendants should have filed the motion for leave to file their brief exceeding the page limit before filing the motion; that the declarations of Officers David Moseley and Charles Culp are an improper "end-run around" the page limit on the summary judgment brief; that the defendants have offered no justification to extend the page limit on the brief; and that the defendants have failed to present evidence to dismiss the plaintiffs' claims. (*Id.*).

This court's procedures, like the procedures of many judges, includes a twenty-five page limit on briefs unless counsel obtains leave for a longer submission. The procedure does not specifically require filing a motion for leave in advance of the date for filing the motion and brief. In support of their motion to extend the page limit, the defendants point to the complexity of the legal issues presented by the thirty-two page complaint asserting state and federal claims, including individual capacity and municipal liability claims based on alleged violations of multiple constitutional provisions. (Docket Entry No. 58). The defendants have justified extending the page limit. The cases the plaintiffs cite do not dictate a different result because those cases interpret different rules and procedures. To the extent

2

the plaintiffs assert that they are prejudiced by the necessity to respond to the motion for an extension to file pages and the substantive motion over the same period, this court has ameliorated any such prejudice by deciding this motion on an expedited basis. The plaintiffs may, if necessary, seek an extension of time or additional pages to respond to the motion.

The plaintiffs also challenge the declarations of Officers Moseley and Culp, arguing that they include "significant legal argument." (Docket Entry No. 60 at 7). The plaintiffs also argue that the defendants should have used the deposition testimony of the officers rather than submitting declarations. (*Id.*). This argument is unpersuasive. The declarations are competent summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003). The plaintiffs may argue that the officers' prior deposition testimony is inconsistent with the later declarations, but the plaintiffs point to no prohibition against submitting a declaration by a witness who was later deposed. Contrary to the plaintiffs' arguments, the declarations are not limited to legal arguments or conclusions. The plaintiffs do not challenge specific parts of the declarations as inadmissible legal conclusions.

The plaintiffs also move to strike the summary judgment motion because it does not "adequately evidence the deficiency in Plaintiffs' pleadings it so seeks to convey." This argument is directed to the merits of the motion and is not a basis to strike the motion or supporting brief.

The number and complexity of the claims addressed in the defendants' summary judgment motion justify an expansion of the page limit. The defendants' motion for leave

to file a brief in excess of the page limit is granted and the plaintiffs' motion to strike is denied.

        SIGNED on November 5, 2009, at Houston, Texas.

                                                Lee H. Rosenthal
                                         United States District Judge